UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON WAYNE RICHISON,

                      Plaintiff,

v.                                                                     Case No. 21-cv-0150-bhl

OUTAGAMIE COUNTY
SHERIFF'S DEPARTMENT, et al.,

                      Defendants.

## DECISION AND ORDER

      Plaintiff Jason Wayne Richison is representing himself in this §1983 case. On February 8, 2021, he filed a complaint and a motion for leave to proceed without prepaying the filing fee (*in forma pauperis*). Dkt. No. 2. Under 28 U.S.C. §1915(a)(2), a prisoner who requests to proceed *in forma pauperis* must file a certified copy of his account statement covering the six-month period immediately preceding the filing of his complaint. Richison filed a copy of his "Inmate Balance History Report" along with his motion to proceed *in forma pauperis*, but the report ended on January 4, 2021, just over a month before he filed his complaint. On February 9, 2021, the clerk's office mailed Richison a letter informing him that his account statement was insufficient because it did not detail his account activity for the month prior to him filing his complaint. Dkt. No. 4. The letter required Richison to file an account statement that covered the six months before he filed his complaint. Richison was instructed to comply within twenty-one days.

      Rather than filing an updated account statement, Richison paid $350 toward the filing fee. A few days later, the clerk's office sent Richison a second letter. This letter explained that the full civil case filing fee is $402, which includes the $350 statutory filing fee and a $52 administrative fee. The letter noted that the administrative fee is waived *only* for people who are granted leave to proceed *in forma pauperis*. The clerk's office informed Richison that the Court could not determine whether he was eligible to proceed *in forma pauperis* because he had not submitted an updated account statement as previously requested. The letter made clear that Richison had two

options: 1) he could pay the full filing fee by sending in the $52 administrative fee, *or* 2) he could file a certified copy of his account statement covering the six months before he filed his complaint. If he filed a complete account statement and the Court determined that he could proceed *in forma pauperis*, the $52 administrative fee would be waived. Richison was instructed to comply within twenty-one days, or by March 17, 2021.

The deadline was nearly two weeks ago and Richison has neither paid the $52 administrative fee nor filed a complete account statement so the Court can determine if he is eligible to proceed *in forma pauperis*. The Court will give Richison one final opportunity to comply. If he does not pay the full filing fee by paying the outstanding $52 administrative fee *or* does not submit a complete account statement covering the period of August 8, 2020 through February 8, 2021, the Court will dismiss this case based on Richison's failure to pay the filing fee. If the case is dismissed, Richison will not be entitled to a refund of any portion of the filing fee previously paid.

**IT IS THEREFORE ORDERED** that Richison must either pay the $52 administrative fee or submit a certified copy of his account statement covering the six months before he filed his complaint by **April 23, 2021.** If he fails to comply with this order or fails to explain why he is unable to comply, the Court will dismiss this case based on his failure to pay the filing fee.

Dated at Milwaukee, Wisconsin this 30th day of March, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge