UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

JASON WAYNE RICHISON,

        Plaintiff,

      v.                                            Case No. 21-cv-0150-bhl

OUTAGAMIE COUNTY SHERIFF'S DEPARTMENT,
OUTAGAMIE COUNTY JAIL,

        Defendants.

─────────────────────────────────────────────

## SCREENING ORDER

─────────────────────────────────────────────

Plaintiff Jason Wayne Richison, who is currently incarcerated at the Outagamie County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Richison also filed a motion for leave to proceed without prepaying the filing fee, but, about a month after he filed his motion, he paid the full filing fee. Accordingly, the Court will deny his motion as moot. Because Richison was a prisoner when he filed his complaint, 28 U.S.C. §1915A requires the Court to screen the complaint to identify cognizable claims.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim

under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Richison alleges that on February 1, 2021, he called his rabbi, and his rabbi asked him if he had received a letter that the rabbi had sent two weeks earlier. Dkt. No. 1 at 2. Richison asserts that he did not receive the letter and that his rights are being violated because someone at the Outagamie County Jail either refused the letter or threw it out. *Id.* Richison states that "this happened many more times in the past" and "has been going on for a long time." *Id.* at 3, 4. Richison believes that "it's a form of Harassment, Anti-Semitism & Mental Torture." *Id.*

2

## THE COURT'S ANALYSIS

Richison's complaint suffers from numerous deficiencies. First, he names the Outagamie County Sheriff's Department and the Outagamie County Jail as defendants. Section 1983 allows a plaintiff to sue a "person" who violates his constitutional rights under color of state law, but neither a sheriff's department nor a jail is a "person." While the Supreme Court has held that there are some circumstances in which municipalities or local government units can be considered "persons" and sued under §1983, *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), sheriff's departments and jails are not legal entities separate from the county governments that they serve. *See Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004).

Next, while it is not entirely clear when the alleged harassment began, Richison asserts that he suspected his rabbi's letter had not been delivered on February 1, 2021. Richison initiated this lawsuit a week later, on February 8, 2021. That timing strongly suggests that Richison failed to exhaust the available administrative remedies prior to filing this lawsuit, as required by 42 U.S.C. §1997e(a). A failure to exhaust administrative remedies is an affirmative defense, *Jones v. Bock*, 549 U.S. 199, 211–12 (2007), but if Richison did not complete the grievance process before he filed his complaint, his complaint will be subject to dismissal. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). As a reminder, a prisoner cannot complete the grievance process while a lawsuit is pending—he must do so before he files his lawsuit. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (affirming dismissal of lawsuit filed two days before prisoner completed grievance process).

Finally, Richison fails to state a claim because the Court cannot reasonably infer that anyone violated Richison's rights. The fact that a letter was not delivered within two weeks does

3

not plausibly lead to the conclusion that Richison is being discriminated against because he is an Ashkenazi Jew. Two weeks is not a significant delay considering staff's possible review of incoming mail. And, even if Richison never received this letter, mail goes undelivered for numerous reasons, including insufficient postage, an incorrect address, being misplaced, or being misdelivered. Richison speculates that he did not receive his letter because some unknown jail official rejected or destroyed the letter, but his speculation about why the letter was not delivered is insufficient to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint's allegations "must be enough to raise a right to relief above the speculative level").

Richison asserts that "this happened many more times in the past" and "this has been going on for a long time," but he offers no factual allegations to support those vague assertions. A complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

The Court will allow Richison the chance to file an amended complaint that includes factual allegations setting forth what jail officials did or did not do to violate his rights. His amended complaint does not have to be long or contain excessive detail, but it must contain more than mere legal conclusions and unsupported accusations of harm. Further, the Court reminds Richison that any claims he failed to administratively exhaust through the jail's grievance system will be subject to dismissal should Defendants assert that defense. Also, if Richison does not know

4

the name of an individual he would like to sue, he may use a John or Jane Doe placeholder. If he is allowed to proceed with a claim against a Doe Defendant, he will be permitted to use discovery to learn the Doe Defendant's name.

If Richison wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. The amended complaint must be filed on or before **May 3, 2021**, and must bear the docket number assigned to this case. The amended complaint will replace the original complaint and must be complete in itself without reliance on or reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If Richison files an amended complaint, the Court will screen it pursuant to 28 U.S.C. §1915A. If Richison does not file an amended complaint, the Court will dismiss this case based on Richison's failure to state a claim in his original complaint, and the Court will assess a strike pursuant to 28 U.S.C. §1915(g).

**IT IS THEREFORE ORDERED** that Richison's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that on or before **May 3, 2021**, Richison may file an amended complaint curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Richison a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Richison is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will

scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Richison is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 7th day of April, 2021.

>s/ *Brett H. Ludwig*
>BRETT H. LUDWIG
>United States District Judge

6

Case 2:21-cv-00150-BHL   Filed 04/07/21   Page 6 of 6   Document 8