UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JASON WAYNE RICHISON,

           Plaintiff,

     v.                                              Case No. 21-cv-0150-bhl

JOHN OR JANE DOES,

           Defendants.

---

## SCREENING ORDER

---

Plaintiff Jason Wayne Richison, who is currently incarcerated at the Outagamie County Jail and representing himself, filed a complaint under 42 U.S.C. §1983. On April 7, 2021, the Court screened the complaint and identified multiple deficiencies. Dkt. No. 8. The Court gave Richison the opportunity to file an amended complaint, which he did on April 16, 2021. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

As the Court explained in its original screening order, to state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court

must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

Richison asserts that "John and Jane Does…have been messing with [his] legal & religious mail." Dkt. No. 10 at 2. He "believe[s]" that they "are trying to stop [him] from having the Jewish Community helping [him]." *Id.* He also believes they "want [him] to break" and be aggressive or fight with them. *Id.* Richison asserts that he has "evidence, proof, [he] just need[s] the opportunity in court to prove & show this evidence." *Id.* at 3.

### THE COURT'S ANALYSIS

Like Richison's original complaint, his amended complaint fails to state a claim because he offers no factual allegations to support his vague assertions of wrongdoing. Richison alleges that unidentified jail staff are "messing" with his mail, but he provides no explanation of what that characterization means. He also "believes" that the motive for messing with his mail is related to him being Jewish or wanting to provoke him, but he fails to explain what jail staff have or have not done to lead him to that conclusion. The Court already informed Richison in its original screening order that a complaint's allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Simply put, bald

2

assertions of wrongdoing are insufficient to state a claim and that is all that Richison's amended complaint offers.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Milwaukee, Wisconsin this 22nd day of April, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.